[Cite as *State v. Powell*, 2015-Ohio-5388.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26691 |
| | : | |
| v. | : | Trial Court Case No. 14-TRD-199 |
| | : | |
| RODNEY POWELL | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2015.

. . . . . . . . . .

BARBARA DOSECK, Atty. Reg. No. 0079159, and STEPHANIE L. COOK, Atty. Reg. No. 0067101, by JOSHUA T. SHAW, Atty. Reg. No. 0087456, Dayton Municipal Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

JENNIFER DAY, Atty. Reg. No. 0092445, Beck Law Office, L.L.C., 1370 North Fairfield Road, Suite C, Beavercreek, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Rodney Powell appeals from his conviction and sentence on one count of

driving with a suspended license in violation of R.C. 4510.11.

{¶ 2} In his sole assignment of error, Powell contends the trial court erred in overruling a suppression motion he filed prior to entering a no-contest plea. Powell claims a police officer lacked reasonable, articulable suspicion of a traffic violation to justify stopping his vehicle, which led to the discovery of his suspended license.

{¶ 3} The sole witness at the hearing on Powell's suppression motion was Dayton Police Officer Mitch Olmsted. He testified that he was on patrol in a marked cruiser on the evening of December 31, 2013. (Suppression Tr. at 6-7). He was sitting in his cruiser when Powell drove a Chevy Blazer past him on North Main Street. (*Id.* at 7). Three other vehicles followed right behind Powell's vehicle. (*Id.* at 15). Olmsted then turned left onto North Main Street behind the line of vehicles. Just as he did so, he saw Powell make a quick right-hand turn onto Five Oaks Avenue. (*Id.* at 7). Olmsted testified that he had a clear view of the back of Powell's car and that Powell did not use a turn signal when turning onto Five Oaks. (*Id.* at 8, 12, 14, 16). Olmsted proceeded to make a traffic stop. During the stop, he discovered that Powell's driver's license had been suspended. (*Id.* at 9). Olmsted cited Powell for several offenses related to his lack of a valid driver's license. Olmsted testified that he did not cite Powell for failing to signal primarily because he could not remember the statutory code section for that offense. (*Id.* at 9). He also testified that he could not recall whether he told Powell the reason for the stop was the failure to use a turn signal. (*Id.* at 11).

{¶ 4} On appeal, Powell argues that the stop was unlawful because Olmsted lacked reasonable, articulable suspicion of a traffic violation. In support, Powell challenges the credibility of Olmsted's testimony that he saw Powell turn without

signaling. (Appellant's brief at 8-9). Powell argues that Olmsted only had a brief, obstructed view of his right turn. He notes that three other cars were between his car and Olmsted's vehicle. Powell also asserts that he had completed his turn by the time Olmsted turned onto North Main Street, suggesting that his "turn signal could have already deactivated by the time that the officer had his first unobstructed view[.]" (*Id.* at 8). Powell additionally notes Olmsted's testimony that he did not issue a citation for a turn-signal violation and that he could not recall whether he told Powell the reason for the stop (*Id.*). Finally, Powell directs our attention to a video from Olmsted's police cruiser that he contends undermines the credibility of the officer's testimony. (*Id.*).

**{¶ 5}** It is beyond dispute that a police officer may make a traffic stop if he has reasonable, articulable suspicion to believe a traffic violation has occurred. *State v. Smoot*, 38 N.E.3d 1094, 2015-Ohio-2717, ¶ 37 (2d Dist.). The standards governing the resolution of a suppression motion are equally well settled. When ruling on such a motion, the trial court acts as the trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. *Id.* at ¶ 36. We must accept a trial court's factual determinations if they are supported by competent, credible evidence. *Id.* We then independently determine whether the facts meet the applicable legal standard. *Id.*

**{¶ 6}** Here the trial court concluded that Olmsted saw Powell turn without signaling. That factual determination is supported by competent, credible evidence. As set forth above, Olmsted testified that he pulled out into a short line of traffic behind Powell's vehicle. As he did so, he saw Powell make a quick right-hand turn without signaling. Olmstead testified that he had a clear, unobstructed view of the rear of Powell's vehicle when it turned. (Suppression Tr. at 8, 12). This court carefully has reviewed the

referenced police-cruiser video of the incident. Contrary to Powell's argument, it contains nothing that contradicts or calls into question Olmsted's testimony. The video shows Olmsted's cruiser sitting at a stop sign facing North Main Street. Powell's Blazer is seen passing from right to left in front of the officer followed in quick succession by three other vehicles. After they pass, Olmstead makes a left turn onto North Main Street behind them. As Olmsted turns, the stationary, forward-facing cruiser camera records just the end of Powell's right turn onto Five Oaks. Unfortunately, it is impossible to tell from the cruiser camera whether Powell signaled the turn. Nothing in the video suggests to us, however, that Olmstead himself would have been unable to see Powell making the turn or to see whether he signaled. The fact that Olmsted did not cite Powell for failing to signal also does not establish that the officer's testimony lacks credibility and that no traffic violation occurred. On the record before us, we find it appropriate to defer to the trial court's determination that "[t]he undisputed testimony of Officer Olmsted clearly set forth the traffic violation which was the basis for the stop." (Dkt. 17b) Therefore, the stop was lawful and the trial court properly overruled Powell's suppression motion.

{¶ 7} The assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Barbara Doseck / Stephanie L. Cook
Joshua T. Shaw
Jennifer Day

Hon. Daniel G. Gehres